UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **KEOGH FAMILY HOME, LLC.** <br> a Wisconsin Limited Liability Company, <br> and **SHENIKA KEOGH,** an individual <br><br> Defendants. | Civil action no.: 18-cv-00732 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **KEOGH FAMILY HOME, LLC.**, a Wisconsin Limited Liability Company, and **SHENIKA KEOGH**, an individual, (collectively "defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) ("the Act"), pursuant to section 17 of the Act, and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. § 1345.

**II**

(A)	Defendant, **KEOGH FAMILY HOME, LLC.** is, and at all times hereinafter mentioned, was a Wisconsin Limited Liability Company with an office and a place of business within **MILWAUKEE COUNTY** at 2675 North 52nd Street, Milwaukee, Wisconsin, 53210 within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the business of providing housing for disadvantaged, mentally ill, developmentally disabled, aged or handicapped individuals and related types of activities.

(B)	Defendant, **SHENIKA KEOGH**, an individual, is an owner of defendant **KEOGH FAMILY HOME, LLC.**, and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees, including record-keeping and payment of wages to employees. At all times hereinafter mentioned, **SHENIKA KEOGH** was engaged in business within **MILWAUKEE COUNTY** at 2675 North 52nd Street, Milwaukee, Wisconsin, 53210, within the jurisdiction of this court. **SHENIKA KEOGH** acted directly or indirectly in the interest of **KEOGH FAMILY HOME, LLC.**, in relation to its employees and is an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

**III**

Defendants **KEOGH FAMILY HOME, LLC.** is, and at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose. At all times hereinafter mentioned, **KEOGH FAMILY HOME, LLC.** is and was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

2

## IV

**KEOGH FAMILY HOME, LLC.** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in that said enterprise at all times hereinafter mentioned had employees engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premise of such institution.

## V

Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying some of their employees' wages at rates less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid. Specifically, defendants paid Resident Aids regular rates less than $7.25 per hour or more for all hours worked.

## VI

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees, who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, defendants paid their employees at their regular rate for hours worked in excess of forty (40) hours per week without a one and one-half regular rate overtime premium.

3

## VII

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## VIII

During the period since at least January 15, 2016, defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

  **A.** For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

  **B.** For an Order:

    **1.** pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding defendants liable for unpaid minimum wages and overtime compensation due defendants' employees

and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A, and other employees currently unknown; or, in the event liquidated damages are not awarded,

**2.** pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

Dated: May 11, 2018

| | |
|---|---|
| Office of the Solicitor<br>U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn St., Ste. 844<br>Chicago, IL 60614<br>(312) 353-5738<br>Email: patterson.jason@dol.gov<br>IL ID# 6304983 | **KATE S. O'SCANNLAIN**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>S/ R. Jason Patterson<br>**R. JASON PATTERSON**<br>Trial Attorney<br><br>Attorneys for R. Alexander Acosta<br>Secretary of Labor<br>U.S. Department of Labor |

**Exhibit A**

Mercedes Brown
Chiquita Bryant
Ricky Cox
Denise Graves
Joyceann Hall
Stephanie Harris
Latasha Holman
Erin Hunt
Latanya Jackson
Tiqueria Jones
Michelle Jordan
Kandise Malcom
Jimmie McAfee
Teresa Thompson
Kevin Wesley
Justice Williams
Naundi Williams
DeAnna Young
Justin Young